# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEMETRIUS DARNELL MACKLIN,**

        **Plaintiff,**

v.                                                        Case No. 19-CV-583

**TED SERRANO,** *et al.***,**

        **Defendants.**

## ORDER

Plaintiff Demetrius Darnell Macklin, who is representing himself, filed a complaint under 42 U.S.C. § 1983. The court screened his complaint and allowed him to proceed against defendants Ted Serrano, Willie C. Freeman, II, Michael Flynn, and a John Doe on claims related to physical altercations in June 2018 when he was being processed out of Racine Correctional Institution. The Wisconsin Department of Justice ("DOJ") appeared on behalf of Serrano and Freeman. The DOJ did not appear on Flynn's behalf because he is deceased. (ECF No. 12.) The defendants who have appeared in the case filed a motion for summary judgment on August 31, 2020, and Macklin has not responded. This order gives Macklin a final opportunity to respond, dismisses the Doe defendant, and dismisses Flynn.

    1. *Summary Judgment Response*

Parties have 30 days to respond to a motion for summary judgment. Civil L.R. 56(b)(2). That means Macklin had until September 30, 2020, to file his response

materials. According to court records, he has not done so. Given that he is a *pro se* inmate, the court will give him a final opportunity to file his response to the motion. He has until **November 30, 2020** to respond.

When Macklin responds to the defendants' motion for summary judgment, he must respond to each of the defendants' proposed findings of fact by agreeing with each proposed fact or explaining why he disagrees with a particular proposed fact. If he does not indicate one way or the other, the court will assume that he agrees with the proposed fact. Macklin must support every disagreement with a proposed fact by citing to evidence. He can do that by relying on documents that he attaches to his response or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. § 1746.[1] An unsworn declaration is a way for a party to tell his side of the story while declaring to the court that everything in the declaration is true and correct.

The court cautions Macklin that failure to respond to the defendants' proposed findings of fact will result in the court taking them as true for purposes of summary judgment. Civil L.R. 56(b)(4). Failure to respond all together will result in the court granting the defendants' motion as unopposed and dismissing Macklin's lawsuit. Civil L.R. 7(d).

---

[1] At the bottom of his declaration he should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]."  28 U.S.C. § 1746(2).

2. *The Doe Defendant*

As noted above, the court allowed Macklin to proceed against a John Doe defendant. In the scheduling order, the court set a deadline of June 30, 2020, for Macklin to identify the Doe defendant. (ECF No. 17.) When the court addressed Macklin's motion to clarify a couple weeks later, the court reminded Macklin of the June 30 deadline. (ECF No. 18.) In both orders, the court warned Macklin that failure to file a motion to substitute would result in the dismissal of the Doe defendant. To date, Macklin has not filed a motion to substitute. Therefore, the court dismisses the John Doe defendant.[2]

3. *Defendant Michael Flynn*

As indicated above, the DOJ did not appear for Michael Flynn because he is deceased. (ECF No. 12.) And while the DOJ indicated that Flynn was dead, it did not inform the court *when* he died. According to an obituary published online, Flynn died on December 17, 2019, about four months *before* Macklin filed this lawsuit. https://www.miller-reesman.com/obituary/michael-flynn (last visited Oct. 28, 2020).

---

[2] Because Macklin never identified the John Doe defendant, he was never served and therefore never had the opportunity to consent to magistrate judge jurisdiction. However, Doe "defendants" are not really defendants at all. In fact, the Court of Appeals for the Seventh Circuit has explained that including Doe defendants is "pointless" in federal court; it does not open the door for relation back under Federal Rule of Civil Procedure 15 or help the plaintiff in any other way. *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir.1997) (citing Fed. R. Civ. P. 15; *Delgado-Brunet v. Clark*, 93 F.3d 339, 344 (7th Cir.1996)). Because the John Doe defendant is not actually a party, the court does not need his consent to dismiss him from the lawsuit. *Cf. Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461 (7th Cir. 2017).

The timing of Flynn's death relative to Macklin filing this lawsuit is important. Federal Rule of Civil Procedure 25(a)(1) discusses a court's authority to order substitution if a claim is not extinguished. "[W]hether a civil rights claim brought under § 1983 survives a party's death is generally made in accordance with state law." *Rocco v. Bickel*, Case No. 12-cv-829, 2013 WL 4000886, at *2 (M.D. Penn. Aug. 5, 2013) (citing *Robertson v. Wegmann*, 436 U.S. 584, 588–89 (1978)). And "§ 1983 claims are best characterized as personal injury actions." *Owens v. Okure*, 488 U.S. 235, 240 (1989) (internal quotations and citations omitted). The Wisconsin Supreme Court has confirmed that, under Wisconsin's survival statute, personal injury actions survive death. *Bartholomew v. Wisconsin Patients Compensation Fund and Compcare Health Services Ins. Corp.*, 293 Wis.2d 38, 61, n. 36 (2006) (citing Wis. Stat. § 895.01)).

But the analysis does not stop there. Even though Macklin's claim against Flynn survives Flynn's death, "[a]s a general rule, the substitution of parties consistent with Rule 25(a)(1) cannot be ordered 'where the person for whom the substitution is sought died prior to being named a party.'" *Schlumpberger v. Osborne*, Case No. 16-cv-78, 2019 WL 927322, at *3 (D. Minn. Feb. 26, 2019) (quoting *Lacy v. Tyson*, Case No. 07-cv-381, 2012 WL 4343837, at *2 (E.D. Cal. Sept. 20, 2012), *adopting report and recommendation*, 2012 WL 5421230, at *1 (E.D. Cal. Nov. 5, 2012) (collecting cases)). Though the Seventh Circuit does not appear to have addressed this issue, the court agrees that Rule 25 does not allow Macklin to substitute anyone for Flynn because Flynn was never a party in the first place. *See Laney v. South Carolina Dept. of Corrections*, Case No. 11-cv-3487, 2012 WL 4069680

4

(D.S.C. May 8, 2012) ("Obviously, a deceased person cannot be served and respond to a lawsuit.") Because Flynn passed away before Macklin filed this lawsuit, the court dismisses Flynn as a defendant.

*4. Conclusion*

**IT IS THEREFORE ORDERED** that Macklin has until **November 30, 2020,** to file his materials in response to the summary judgment motion. If he fails to do so, the court will grant the motion as unopposed and dismiss the lawsuit.

**IT IS FURTHER ORDERED** that the John Doe defendant and defendant Michael Flynn are **DISMISSED**.

Dated at Milwaukee, Wisconsin this 28th day of October, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge